1
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2

FILED
CLERK
10/17/2014

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

3  ----------------------------------X
                                    :
4  UNITED STATES OF AMERICA         :
                                    :  14-CR-00208 (ADS)
5                                   :
                  v.                :  October 16, 2014
6                                   :
   SCULLY, et al.,                  :  United States Courthouse
7                                   :  Central Islip, New York
                     Defendant.     :
8  ----------------------------------X

9

10      TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
           BEFORE THE HONORABLE STEVEN I. LOCKE
              UNITED STATES MAGISTRATE JUDGE

11

APPEARANCES:

12

13  For the Plaintiff:        CHARLES PETER KELLY, ESQ.
                              United States Attorney's Office
14                            Eastern District of New York
                              610 Federal Plaza
15                            Central Islip, New York 11722

16
    For Defendant/Lameh:      JOSEPH CONWAY, ESQ.
17

18

19

20

21

22  Court Transcriber:        SHARI RIEMER
                              TypeWrite Word Processing Service
                              211 N. Milton Road
23                            Saratoga Springs, New York 12866

24

25

Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1

2

3                              I N D E X

4
   Defendant Sworn at Page 4
5

6  <u>EXHIBITS</u>                            <u>Marked</u>   <u>Received</u>

7  1    Cooperation Agreement                    4

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1  (Proceedings began at 9:36 a.m.)

2       THE CLERK: All rise.  United States District Court

3  for the Eastern District is now in session.  The Honorable

4  Steven I. Locke presiding.

5       Calling Case 14-CR-208, <u>United States v. Shahrad</u>

6  <u>Lameh</u>.

7       Counsel, state your appearance on the record,

8  please.

9       MR. KELLY:  For the Government, Assistant U.S.

10  Attorney Charles P. Kelly.  With me Special Agent Thomas

11  Nashatka [Ph.] from the FDA.  Good morning, Your Honor.

12       THE COURT: Good morning.

13       MR. CONWAY: Good morning, Your Honor.  It's Joseph

14  Conway on behalf of Mr. Lameh who's standing to my right.

15       THE COURT: Good morning.  Please be seated.

16       We are here for the purposes of a guilty plea; is

17  that correct?

18       MR. KELLY: Yes, Your Honor.

19       THE COURT: I'm holding before me the consent to

20  proceed before the United States Magistrate signed by the

21  defendant.  Just so we're clear and on the record, Mr.

22  Lameh -- am I pronouncing your name correctly?

23       THE DEFENDANT: Lameh, yeah.

24       THE COURT: You have a right to have your plea heard

25  by a United States District Judge which I am not.  I am a

4

1   United States Magistrate Judge but today you're consenting to

2   have the proceedings held before me and then I will make a

3   recommendation to the District Judge.  Are you amenable to

4   that?

5           THE DEFENDANT: Yeah.  Yes.

6           THE COURT: Thank you.  I'm also holding before me a

7   Cooperation Agreement which is marked Court Exhibit.  I just

8   want to make that clear for the record.  I believe, Mr. Kelly,

9   you have the original.

10  (COURT EXHIBIT 1, MARKED.)

11          MR. KELLY: I have the original.  Did you -- the

12  court --

13          THE COURT: That's fine.  I can work with the copy.

14          MR. KELLY: Yes, Your Honor.

15          THE COURT: Mr. Lameh, before recommending that the

16  District Judge consider your plea there are a number of

17  questions I have to ask you to assure myself that the plea is

18  valid.  If you don't understand any of my questions, please

19  say so and I will attempt to reword them to the degree you can

20  understand.  Okay?

21          THE DEFENDANT: Yes.

22          THE COURT:  Kristen, would you please swear the

23  defendant.  Please stand up.

24          THE CLERK:  Please stand and raise your right hand.

25  (AT THIS TIME THE DEFENDANT, SHAHRAD LAMEH, WAS SWORN.)

5

1          THE COURT:   Please be seated.

2          Mr. Lameh, do you understand that having been sworn

3    your answers to my questions will be subject to the penalties

4    of perjury or of making a false statement if you do not answer

5    truthfully?

6          THE DEFENDANT: Yes.

7          THE COURT: What is your full name?

8          THE DEFENDANT: Shahrad Rodi Lameh.

9          THE COURT: How old are you?

10         THE DEFENDANT: 40.

11         THE COURT:  Are you a citizen of the United States?

12         THE DEFENDANT:  Yes.

13         THE COURT:  How far did you go in school?

14         THE DEFENDANT: College.

15         THE COURT: Did you graduate from college?

16         THE DEFENDANT: Yes.

17         THE COURT: Are you presently or have you been

18   recently under the care of a physician or psychiatrist?

19         THE DEFENDANT:  No.

20         THE COURT:  In the past 24 hours, have you taken any

21   narcotic drugs, medicine, or pills, or drunk any alcoholic

22   beverage?

23         THE DEFENDANT:  No.  Just vitamins.

24         THE COURT: Sorry?

25         THE DEFENDANT: Vitamins.

6

1          THE COURT: Vitamins, okay.

2          Have you ever been hospitalized for narcotic

3    addiction?

4          THE DEFENDANT:  No.

5          THE COURT:  Is your mind clear today?

6          THE DEFENDANT: Yes.

7          THE COURT:  Do you understand what's going on here

8    today?

9          THE DEFENDANT:  Yes.

10          THE COURT: Mr. Conway, have you addressed this

11   matter with your client?

12          MR. CONWAY: Yes, I have, Your Honor.

13          THE COURT:  Does your client understand that rights

14   -- well, withdrawn.

15          Does your client understand the rights that he'd be

16   waiving by pleading guilty today?

17          MR. CONWAY:  Yes, he does.

18          THE COURT:  Is your client capable of understanding

19   the nature of these proceedings?

20          MR. CONWAY: Yes, he is.

21          THE COURT:  Do you have any doubt about your

22   client's competency to plead at this time?

23          MR. CONWAY: I do not.

24          THE COURT: All right.  Mr. Lameh, you have a right

25   to plead not guilty.  Do you understand that?

7

1         THE DEFENDANT:  Yes.

2         THE COURT:  If you plead not guilty, under the

3    constitution and laws of the United States you are entitled to

4    a speedy and public trial by jury with the assistance of

5    counsel on the charges.  Do you understand that?

6         THE DEFENDANT: Yes.

7         THE COURT:  At the trial, you would be presumed

8    innocent and the Government would have to overcome that

9    presumption and prove you guilty by competent evidence and

10   beyond a reasonable doubt and you would not have to prove that

11   you are innocent.  And if the Government failed, the jury

12   would have the duty to find you not guilty.  Do you understand

13   that?

14        THE DEFENDANT: Yes.

15        THE COURT:  In the course of the trial, witnesses

16   for the Government would have to come to court and testify in

17   your presence and your counsel has the right to cross-examine

18   the witnesses for the Government, to object to evidence

19   offered by the Government, and to offer evidence on your

20   behalf.  Do you understand that?

21        THE DEFENDANT:  Yes.

22        THE COURT:  And if there were witnesses that were

23   reluctant to come to trial, your attorney would have the right

24   to subpoena those witnesses and make them testify on your

25   behalf.  Do you understand that?

8

1          THE DEFENDANT:  Yes.

2          THE COURT:  At the trial, while you would have the

3    right to testify if you choose to do so, you would not be

4    required to testify.  Under the constitution of the United

5    States, you cannot be compelled to incriminate yourself.  If

6    you decided not to testify, the court would instruct the jury

7    that they could not hold that against you.  Do you understand

8    that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  If you plead guilty and I recommend

11   acceptance of that plea and the plea is accepted, you'll be

12   giving up your constitutional rights to a trial and the other

13   rights I have just discussed.  There will be no further trial

14   of any kind and no right to appeal or collaterally attack at

15   any time the question of whether you're guilty or not.  A

16   judgment of guilty will be entered on the basis of your guilty

17   plea and that judgment can never be

18         However, you may have the right to appeal with

19   respect to the sentence.  Do you understand that?

20         THE DEFENDANT:  Yes.

21         THE COURT:  If you plead guilty, I will have to ask

22   you questions about what you did in order to satisfy myself

23   that you are guilty of the charges to which you seek to plead

24   guilty and you will have to answer my questions and

25   acknowledge your guilt.  Thus, you'll be giving up your right

9

1  not to incriminate yourself.  Do you understand?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Are you willing to give up your right to

4  a trial and the other rights I have just described?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Have you read and discussed the

7  Cooperation Agreement, Court Exhibit 1, with your attorney?

8          THE DEFENDANT:  Yes.

9          THE COURT: Mr. Kelly, would you please summarize the

10 terms of the agreement including any waivers, appeal or

11 otherwise?

12          MR. KELLY:  Yes, Your Honor.  The defendant is to

13 plead guilty to two counts of the indictment in this case.

14 One is the conspiracy to commit wire fraud which has a maximum

15 term of imprisonment of 20 years, no minimum term of

16 imprisonment.  A maximum supervised release term of three

17 years to follow any term of imprisonment and if the condition

18 of the release is violated the defendant may be sentenced to

19 up two years without credit for prior imprisonment.

20          The maximum fine is $250,000 or twice the gain

21 derived from the offense or two times the gross loss to

22 persons other than the defendant.

23          Restitution is an amount to be determined by the

24 court.  There's $100 special assessment and a criminal

25 forfeiture of $500,000.

1      Defendant will also plead to Count 37 of the

2  indictment which is a conspiracy to distribute misbranded

3  drugs.  The maximum term of imprisonment is five years.

4  There's no minimum term.  The maximum supervised release term

5  is three years with the same conditions as the prior count.

6      The maximum fine is the same as the prior count as

7  is the restitution and there is an administrative forfeiture

8  that goes with this count and that is set forth in Paragraph

9  14 and it's essentially the administrative forfeiture of all

10  seized items of drugs and foods and cosmetics that are

11  adulterated or misbranded.

12      THE COURT: Did you cover the special assessments?

13      MR. KELLY: And the special assessment of $100 for

14  each count, Your Honor.

15      THE COURT: What about waiver of rights?  Can you go

16  through that?

17      MR. KELLY: There is no waiver of appeal rights

18  inasmuch as this is a Cooperation Agreement and defendant has

19  all the obligations that run with the cooperation and he has

20  waived a variety of rights in connection with the forfeiture

21  because incorporated within the Cooperation Agreement is his

22  financial statement dated October 10, 2014 which is the 30

23  pages plus exhibits and if any other assets are identified by

24  the Government the Government has a right to collect those

25  assets to satisfy the forfeiture judgment.  A failure to

1  disclose such assets constitutes a failure to cooperate with

2  the office and may be a material breach of the agreement.

3          THE COURT: I believe there's also a waiver of

4  certain notice rights with respect to the forfeiture.  Isn't

5  that correct?

6          MR. KELLY: Yes.  There's a variety of waivers of

7  notice rights connected to the forfeiture.  Yes, Your Honor.

8          THE COURT: Have you completed?

9          MR. KELLY: Yes, Your Honor.

10         THE COURT: Mr. Lameh, we talk about the elements of

11  a crime which are the elements that the Government must prove

12  to establish guilt.  Are you aware of the elements of the

13  crimes which you are charged with and to which you intend to

14  plead guilty today?

15         THE DEFENDANT:  Yes.

16         THE COURT: Mr. Kelly, I'd ask you to summarize the

17  elements of each of the two charges that the defendant is

18  going to plead guilty to.

19         MR. KELLY: The first count is wire fraud conspiracy

20  and the elements of that are an agreement by defendant and

21  another person to carry out a scheme to defraud to obtain

22  money from other people by means of false representations or

23  promises and the use of wires, radio or television, faxes or

24  phones or computers in connection with that and that he did

25  this, entered into this conspiracy voluntarily and knowingly.

1         The second count is the conspiracy to distribute

2  misbranded drugs and that is a conspiracy to commit an offense

3  against the United States.  In this context the elements are

4  that he agreed with another person to commit an offense

5  against the United States, namely the distribution of

6  misbranded drugs.  He knew it was against the law and they --

7  he did it to obstruct the FDA's lawful function of regulation

8  of marketing and distribution of prescription drugs and this

9  was in connection with interstate commerce both by the

10  importation of the drugs and by the sending of them from New

11  York to other states, and he did this with the intent to

12  defraud or mislead the customers and the FDA.

13         THE COURT: With respect to each of the counts he

14  entered into agreement to do what you described and then took

15  overt step toward that act.  Is that --

16         MR. KELLY: Yes, there's an overt act requirement

17  which two of those overt acts are listed in Count 37.

18         THE COURT:  Okay.  Mr. Lameh, have you discussed

19  with your attorney the charges in the indictment to which you

20  intend to plead guilty?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Do you understand those charges?

23         THE DEFENDANT: Yes, sir.

24         THE COURT: A little while ago Mr. Kelly gave you a

25  recitation of the possible penalties that you'll be facing at

13

1   sentencing for each of the two counts.  Did you understand

2   that explanation?

3          THE DEFENDANT: Yes, sir.

4          THE COURT: Have you discussed the sentencing

5   guidelines and other sentencing factors with your attorney?

6          THE DEFENDANT: Yes.

7          THE COURT: Do you understand that the sentencing

8   guidelines are not mandatory but that in sentencing the court

9   is required to consider the applicable guideline range along

10  with statutory factors which are listed in 18 United States

11  Code Section 3553(a), meaning that the court will consider the

12  nature and circumstances of the offense, your criminal

13  history, if any, and other characteristics.  Do you understand

14  that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  What that really means is that the only

17  guarantee you have with respect to sentencing is the statutory

18  maximums that were described.  I believe a maximum of 20 years

19  on the conspiracy to commit wire fraud count and five years on

20  the conspiracy to distribute misbranded drugs count.  Do you

21  understand that?

22         THE DEFENDANT:  Yes.

23         THE COURT: Other factors that the court would be

24  required to consider, other statutory factors including the

25  serious of the offense, just punishment, protection of the

1   public from additional criminal conduct by you and others, and

2   where appropriate, with cooperation if the Government submits

3   what's called 5K1.1 letter.  Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you also understand that as you're

6   pleading or you intend to plead guilty to two counts today the

7   District Court could sentence with consecutive sentences,

8   meaning one after the other in terms of time as opposed to

9   concurrent sentences, meaning sentences being served

10  simultaneously.  Do you understand that?

11         THE DEFENDANT: Yes.

12         THE COURT:  Do you realize that if the sentence

13  that's imposed is more severe than you expected you will still

14  be bound by your guilty plea and you will not be permitted to

15  withdraw it?

16         THE DEFENDANT: Yes.

17         THE COURT: Do you have any questions you would like

18  to ask me about the charges or your rights or anything else

19  relating to this matter?

20         THE DEFENDANT: No.

21         THE COURT:  Are you prepared to plead?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT: Mr. Conway, do you know any legal reason

24  why the defendant should not plead guilty?

25         MR. CONWAY: No, Your Honor.

1          THE COURT:  Mr. Lameh, are you satisfied with your

2     legal representation up until this point?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you believe your lawyer did a good

5     job?

6          THE DEFENDANT:  Yes.

7          THE COURT:  With respect to Count 1 of the

8     indictment, conspiracy to commit wire fraud, how do you plead?

9          THE DEFENDANT: Guilty.

10          THE COURT: With respect to 37 of the indictment,

11     conspiracy to distribute misbranded drugs, how to you plead?

12          THE DEFENDANT:  Guilty.

13          THE COURT:  Are you making these pleas voluntarily

14     and of your own free will?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Has anyone threatened or attempted to

17     coerce or force you to plead guilty to these two counts?

18          THE DEFENDANT:  No, sir.

19          THE COURT:  Other than your agreement with the

20     Government which has been recapped on the record but is also

21     Court Exhibit 1, has anyone made any other promises to you

22     that caused you to plead guilty to these two counts?

23          THE DEFENDANT:  No, sir.

24          THE COURT:  I'd like you to please describe for me

25     in your own words what you did in connection with the acts

1   that are charged in the indictment as Counts 1 and 37.

2           THE DEFENDANT: From 2009 to 2013 as an officer of

3   Pharmalogical d/b/a Medical Device King I together with Lehim

4   Scully defrauded customers.

5           THE COURT: I'm sorry. Just read it a little slowly

6   because I have to sort of go through what you're saying as you

7   do it.

8           THE DEFENDANT: I'm sorry. From 2009 to 2013 as an

9   officer of Pharmalogical d/b/a Medical Device King I together

10  with Lehim Scully defrauded customers of Pharmalogical d/b/a

11  Medical Device King by procuring to sell them approved

12  prescription mediation approved by the FDA when in fact I knew

13  that the medical were unapproved and misbranded and I obtained

14  money from the customers for the unapproved and misbranded

15  drugs. To facilitate the sales I utilized [inaudible],

16  telecones, computers of the company. I did this in the

17  Eastern District of New York. I did this knowingly and

18  intentionally.

19          I together with Lehim Scully introduced into

20  interstate commerce misbrand drugs intending to mislead

21  customers to believe the drugs were approved by the FDA for

22  the distribution in the United States. To carry out these

23  sales I caused and packaged -- packing with unapproved drugs

24  Altazan and Mathera [Ph.] to be shipped from our Great Neck

25  office in New York, Great Neck, New York to Sierra, Nevada

1  Cancer Center in Carson City, Nevada on or about September

2  26th.  I did this knowingly and intentionally.  September 26,

3  2011 I did this knowingly and intentionally.

4        THE COURT: Mr. Kelly, would you please outline the

5  proof that the Government would submit had this case

6  proceeded?

7        MR. KELLY: The Government would show that defendant

8  together with William Scully operated Medical Device King

9  which was a company in Great Neck, New York.  Through

10  documents and witnesses the Government would show that during

11  the years in question, 2009 to 2012, the defendant and Mr.

12  Scully imported a variety of unapproved prescription drugs

13  including Botox, Altazan and Mathera and sold them to

14  approximately 1,000 customers throughout the United States and

15  that the receipts in question were in the millions of dollars.

16  They marketed these products as if they were on their website

17  as if they were the actual approved drug for distribution in

18  the United States when in fact they were a foreign unapproved

19  counterpart.

20        There were undercover purchases from Medical Device

21  King in Great Neck, New York which were shipped interstate to

22  another location in the United States of America which would

23  also be part of the proof of the Government.  Through emails

24  and faxes and phone calls we would show that the marketing

25  scheme was carried out by defendant with others and that there

1  were also attempts to repackage the unapproved medications so

2  that they would appear approved medications, and we have a

3  variety of witnesses from different companies to demonstrate

4  this.  That would be the proof of the Government, Your Honor.

5          THE COURT: Thank you.

6          Based upon the information given to me, I find that

7  the defendant is acting voluntarily, fully understands his

8  rights and the consequences of his plea, and that there is a

9  factual basis for the plea.  I therefore accept the plea of

10  guilty to Counts 1 and 37 of the indictment and I recommend

11  that the plea be accepted by the District Judge.

12          Is there anything further?

13          MR. KELLY: No, Your Honor.

14                   [Pause in proceedings.]

15          MR. CONWAY: Nothing further, Your Honor.

16          THE COURT: Okay.  Then we are concluded.  Thank you

17  all.

18          MR. CONWAY:  Judge, I'm sorry.  Can we go back on

19  the record?

20          THE COURT: Are we still on?  Yes, I am also supposed

21  to give you the date before Judge Spatt.

22          MR. CONWAY: I believe February 22, 2015.

23          THE COURT: At what time?

24          MR. CONWAY: At 9:30.

25          THE COURT: We're confirmed there.  What else do we

19

1  need?

2         MR. CONWAY: Your Honor, I have one application to

3  make.  I discussed it with Mr. Kelly yesterday and again this

4  morning.  I believe he's going to consent [inaudible]

5  arraignment [inaudible] bail condition [inaudible] Eastern

6  District and Southern District of New York [inaudible] subject

7  to [inaudible] United States.

8         THE COURT: Mr. Kelly, is that correct?

9         MR. KELLY: Yes, Your Honor, the Government consents

10  to that.

11         THE COURT: Okay.  That's fine if the Government

12  consents.  I probably need to sign something to that effect

13  though.

14         MR. CONWAY: We -- we also, Your Honor, I've spoken

15  to Pretrial [inaudible] officer of [inaudible] he consents as

16  well. [Inaudible] no objection and we are [inaudible] make him

17  aware of [inaudible].

18         THE COURT: That's fine.  If there's something I need

19  to modify the bail order I'll do that but I just need it

20  submitted.

21         MR. CONWAY: Mr. Steel will need something in

22  writing, Your Honor.

23         THE COURT: That's fine.

24         MR. CONWAY: But that's acceptable to the court, the

25  extension of the bail?

20

1          THE COURT: Yes.

2          MR. CONWAY: Thank you, Your Honor.

3          MR. KELLY: Thank you, Your Honor.

4   (Proceedings concluded at 9:57 a.m.)

5                    *  *  *  *  *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

21

1        I certify that the foregoing is a court transcript from

2  an electronic sound recording of the proceedings in the above-

3  entitled matter.

4

5                              _____

6                                    Shari Riemer, CET-805

7  Dated:   October 17, 2014