# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| SHAHRAD RODI LAMEH | ) | Case Number: CR-14-00208-002 (ADS) |
| | ) | USM Number: 83490-053 |
| | ) | Joseph R. Conway, Esq. (Retained) |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 and 37

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1349 and 1343 | Conspiracy to Commit Wire Fraud; Class C Felony | 7/31/2013 | 1 |
| 18:371 | Conspiracy to Distribute Misbranded Drugs, Class D Felony | 7/31/2013 | 37 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   2-36 and 38-73   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/30/2016
Date of Imposition of Judgment

s/ Arthur D. Spatt
Signature of Judge

Arthur D. Spatt, U.S.D.J.
Name and Title of Judge

10/25/2016
Date

AO 245B Case 2:14-cr-00208-ADS-SIL Document 201 Filed 10/25/16 Page 2 of 9 PageID #: 4691
(Rev. 09/11) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page 2 of 5

DEFENDANT: SHAHRAD RODI LAMEH
CASE NUMBER: CR-14-00208-002 (ADS)

# PROBATION

The defendant is hereby sentenced to probation for a term of :

THREE (3) YEARS.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page 3 of 5

Case 2:14-cr-00208-ADS-SIL   Document 201   Filed 10/25/16   Page 3 of 9 PageID #: 4692

DEFENDANT: SHAHRAD RODI LAMEH
CASE NUMBER: CR-14-00208-002 (ADS)

# ADDITIONAL PROBATION TERMS

1) DEFENDANT SHALL SERVE SIX( 6) MONTHS HOME DETENTION WITH ELECTRONIC MONITORING TO BE PAID FOR BY THE DEFENDANT.

2) UPON REQUEST, THE DEFENDANT SHALL PROVIDE THE U.S. PROBATION DEPARTMENT WITH FULL DISCLOSURE OF HIS FINANCIAL RECORDS, INCLUDING CO-MINGLED INCOME, EXPENSES, ASSETS AND LIABILITIES, TO INCLUDE YEARLY INCOME TAX RETURNS. WITH THE EXCEPTION OF THE FINANCIAL ACCOUNTS REPORTED AND NOTED WITHIN THE PRESENTENCE REPORT, THE DEFENDANT IS PROHIBITED FROM MAINTAING AND/OR OPENING ANY ADDITIONAL INDIVIDUAL AND/OR JOINT CHECKING, SAVINGS, OR OTHER FINANCIAL ACCOUNTS, FOR EITHER PERSONAL OR BUSINESS PURPOSES, WITHOUT THE KNOWLEDGE AND APPROVAL OF THE U.S. PROBATION DEPARTMENT. THE DEFENDANT SHALL COOPERATE WITH THE PROBATION OFFICER IN THE INVESTIGATION OF HIS FINANCIAL DEALINGS AND SHALL PROVIDE TRUTHFUL MONTHLY STATEMENTS OF YOUR INCOME AND EXPENSES. THE DEFENDANT SHALL COOPERATE IN THE SIGNING OF ANY NECESSARY AUTHORIZATION TO RELEASE INFORMATION FORMS PERMITTING THE U.S. PROBATION DEPARTMENT ACCESS TO YOUR FINANCIAL INFORMATION AND RECORDS.

3) THE DEFENDANT SHALL NOT ENGAGE IN ANY EMPLOYMENT WHICH INVOLVES MASS MARKETING OR SALE OF PRESCRIPTION DRUGS VIA THE INTERNET OR OTHERWISE, AND SHALL ASSIST THE PROBATION DEPARTMENT IN VERIFYING THE JOB DESCRIPTION OF ANY EMPLOYMENT HE SECURES WHILE UNDER SUPERVISION.

4) THE DEFENDANT SHALL NOT POSSESS A FIREARM, AMUNITION, OR DESTRUCTIVE DEVICE.

5) THE DEFENDANT SHALL SUBMIT HIS OR HER PERSON, PROPERTY, HOUSE, RESIDENCE, VEHICLE, PAPERS, COMPUTERS (AS DEFINED IN 18 U.S.C. 1030(e)(1)), OTHER ELECTRONICE COMMUNICATIONS OR DATA STORAGE DEVICES OR MEDIA, OR OFFICE, TO A SEARCH CONDUCTED BY A UNITED STATES PROBATION OFFICER. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION OF RELEASE. THE DEFENDANT SHALL WARN ANY OTHER OCCUPANTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES PERSUANT TO THIS CONDITION. AN OFFICER MAY CONDUCT A SEARCH PURSUANT TO THIS CONDITION ONLY WHEN REASONABLE SUSPICION EXISTS THAT THE DEFENDANT HAS VIOLATED A CONDITION OF HIS SUPERVISION AND THAT THE AREAS TO BE SEARCHED CONTAIN EVIDENCE OF THIS VIOLATION. ANY SEARCH MUST BE CONDUCTED AT A REASONABLE TIME AND IN A REASONABLE MANNER.

DEFENDANT: SHAHRAD RODI LAMEH
CASE NUMBER: CR-14-00208-002 (ADS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SHAHRAD RODI LAMEH
CASE NUMBER: CR-14-00208-002 (ADS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 200.00 due immediately, balance due

☐ not later than _____ , or
☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

NO FINES OR RESTITUTION HAVE BEEN ORDERED

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE ATTACHED ORDER DATED FEBRUARY 5, 2015.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 2:14-cr-00208-ADS-SIL Document 201 Filed 10/25/16 Page 6 of 9 PageID #: 4695
Case 2:14-cr-00208-ADS-SIL Document 45 Filed 02/05/15 Page 1 of 4 PageID #: 400
Case 2:14-cr-00208-ADS-SIL Document 41-1 Filed 01/15/15 Page 1 of 4 PageID #: 136

JMM:CPK/BGK
F.#2012R00759

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

SHAHRAD RODI LAMEH,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

14 CR 208 (ADS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 05 2015 ★

LONG ISLAND OFFICE

WHEREAS, on October 16, 2014, SHAHRAD RODI LAMEH (the "Defendant") entered a plea of guilty to Counts One and Thirty Seven of the above-captioned indictment, charging violations of 18 U.S.C. §§ 1349 and 371, respectively; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant consents to the entry of a forfeiture money judgment in the amount of five hundred thousand dollars and no cents ($500,000.00) (the "Forfeiture Money Judgment"), as property, real or personal, that constitutes or is derived from proceeds traceable to the Defendant's violations of 18 U.S.C. § 1349 and 371, and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit all right, title and interest in the full amount of the Forfeiture Money Judgment to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2. The Defendant shall pay in full the Forfeiture Money Judgment on or before the date of defendant's sentencing (the "Due Date"). If the Defendant fails to pay any portion of

Case 2:14-cr-00208-ADS-SIL Document 201 Filed 10/25/16 Page 7 of 9 PageID #: 4696
Case 2:14-cr-00208-ADS-SIL Document 45 Filed 02/05/15 Page 2 of 4 PageID #: 401
Case 2:14-cr-00208-ADS-SIL Document 41-1 Filed 01/15/15 Page 2 of 4 PageID #: 137

2

the Forfeiture Money Judgment on or before the Due Date, interest shall accrue thereon at the judgment rate of interest. All payments made towards the Forfeiture Money Judgment shall be in the form of a bank or certified check payable to the "United States Marshals Service" with the criminal docket number noted on the face of the check. All checks shall be delivered by overnight mail delivery to Asset Forfeiture Paralegal Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York, 11722.

3. If the Forfeiture Money Judgment, or any portion thereof, is not paid to the United States, the United States may seek to enforce this Order against any other assets, real or personal, of the Defendant up to the value of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant agrees that the entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

4. The Defendant knowingly and voluntarily waives his right to any required notice concerning the entry of the Forfeiture Money Judgment, including notice set forth in an indictment or information. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry and payment of the Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the entry and payment of the Forfeiture Money Judgment, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the

Case 2:14-cr-00208-ADS-SIL Document 201 Filed 10/25/16 Page 8 of 9 PageID #: 4697
Case 2:14-cr-00208-ADS-SIL Document 45 Filed 02/05/15 Page 3 of 4 PageID #: 402
Case 2:14-cr-00208-ADS-SIL Document 41-1 Filed 01/15/15 Page 3 of 4 PageID #: 138

3

Eighth Amendment, including a claim of excessive fines.

5. Upon entry of this Order of Forfeiture, the United States Attorney General, or his designee, is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3). The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

7. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order of Forfeiture shall become final as to the Defendant at the time of his sentence, and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns, and transferees of the Defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Case 2:14-cr-00208-ADS-SIL  Document 201  Filed 10/25/16  Page 9 of 9 PageID #: 4698
Case 2:14-cr-00208-ADS-SIL  Document 45  Filed 02/05/15  Page 4 of 4 PageID #: 403
Case 2:14-cr-00208-ADS-SIL  Document 41-1  Filed 01/15/15  Page 4 of 4 PageID #: 139

4

10. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order of Forfeiture to FSA Asset Forfeiture Paralegal Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
~~January~~ February 5, 2015

s/ Arthur D. Spatt

_____
HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE